## N. Y. SUPERIOR COURT.

HARRIET BUTLER, administratrix, &c. agt. GEORGE W. NILES
and another.

Where the court, in an action to set off judgments, directs such set off upon condition
that the plaintiff pay the costs of the supplementary proceedings instituted by the
defendant on the judgment against the plaintiff, and deliver to the defendant a
receipt, by the plaintiff applying the amount of the defendant's judgment on the
judgments held against the defendant by the plaintiff, the defendant cannot refuse
to accept such costs and receipt, on the ground that the plaintiff could not properly
execute such condition, as he would be violating the injunction in the supplemen-
tary proceedings.

The acts required of the plaintiff are authorized by the judgment of the court, which
is necessarily a complete justification and protection to him for all acts done
under it.

Besides, if the performance of such condition could be regarded as a violation of the
injunction, it would merely subject the plaintiff to punishment as for a contempt,
and would not render the receipt or the payment of costs ineffectual or invalid.
Therefore the defendant would have no concern in the matter.

*Special Term, March,* 1868.

THIS is a motion for final judgment. The action was com-
menced in February, 1863, by Thomas Butler, to set off two
judgments in favor of one Francis Morris against the defend-
ant George W. Niles, and assigned to Butler, against a judg-
ment in favor of Niles against Butler. Judgment in the
action was entered directing such set-off to be made, and
that "upon a tender, in five days after notice of judgment,
by or on behalf of said Thomas Butler, to the defendants, of
a receipt for so much of the amount due to said Butler upon
said two judgments assigned to him, as should be equal to
the amount due on said judgment against him, together with
said costs and expenses, and also a satisfaction-piece of said
judgment, and a consent to be signed by the said defendants
to discontinue said supplemetary proceedings and action on
said judgments, and a receipt for the amount of said costs,
the defendants therein should execute such satisfaction piece
and receipt. And further, should the said Thomas Butler
refuse or decline to sign and file such satisfaction piece, the

the said complaint of the said Thomas Butler should be dismissed with costs."

It was shown by the moving papers, on the part of the plaintiff, that the several receipts, costs, satisfaction piece, and consent to discontinue the supplementary proceedings, had been tendered by the plaintiff to the defendant Niles.

That Niles refused to receive the costs or to sign the satisfaction piece, the receipt, or the consent. It was further shown, that the consent and receipt on the part of the plaintiff, required to be given to the defendants, was signed by the plaintiff, filed with the clerk of this court, and copies served on the defendants.

It was conceded that the plaintiff had fully complied with the requirements of the judgment, and she now moves for final judgment.

On the part of the defendant it was shown, that at the time Butler signed the consent and receipt, he was restrained by an injunction in proceedings supplemental to an execution issued at the instance of the defendant Lee, upon a judgment against Butler in favor of one Peter Morris, which had been assigned to the defendant William Lee, from transferring, disposing of, or making any other disposition of any property belonging to him; and it was claimed that, while under such restraint, Butler could not comply with the judgment in this case and give the receipt and pay the costs, as required, and, therefore, the defendants' refusal to accept such receipt and costs, or to execute the several papers on his part, was proper.

J. E. BURRILL, *for plaintiff.*
I. T. WILLIAMS, *for defendants.*

MONELL, J.   The judgment in this case directed that the judgment in favor of Niles against Butler should be set off against the judgments against Niles held by the plaintiff, thus absorbing the whole amount due on the former judg-

ment, but leaving a balance due on the latter judgments. The judgment also directed the payment by Butler of the costs of supplementary proceedings instituted upon the Niles judgment against Butler, and the delivery of a receipt by Butler applying the amount of the Niles judgment upon the two judgments held by him, and the payment of said costs, are made conditions precedent to Niles being required to satisfy his judgment against Butler and to discontinue the supplementary proceedings.

It is claimed that Butler's giving the receipt or paying the costs would be a violation of the injunction in the supplementary proceedings, and therefore cannot be done.

The first answer to the objection is, that the acts are authorized by the judgment of this court, in a case within its jurisdiction and powers, both as to the subject matter and the parties; which judgment is, necessarily, a complete justification for all acts done under it. It cannot be that an act done by the direction or under the authority of a court of competent jurisdiction and powers, having before it all the parties to be affected, can be questioned elsewhere. Lee, the prosecutor of the supplementary proceedings, and who alone can be pecuniarily affected, is a party to this suit and bound by the judgment; and is, therefore, in no condition to complain if a party to the suit executes the judgment. It is clear, I think, that the judgment is a complete protection to Butler, and he cannot be made responsible for any act or thing done by him under it.

*Second.* At most, the giving the receipt and paying the costs, if it could be regarded as a violation of the injunction, would merely subject Butler to punishment as for a contempt, and would not render the receipt or payment ineffectual or invalid. So that, even if Butler should subject himself to punishment, Niles could nevertheless hold his costs and retain his receipt. To do a wholly ineffectual act, although forbidden by an injunction, would hardly be deemed a violation of it; and, therefore, the act must be not only in

defiance of the restraint, but must deprive the other party of some substantial right or affect some substantial interest. In the leading case of *The People* agt. *Sturtevant* (9 *N. Y. R.* 263), the act which violated the injunction, namely, the adoption of a resolution giving permission to construct a railroad, was assumed to be valid, as respected the grantees of the act; and Judge JOHNSON says (*p.* 271) it was contended that the resolution did not become an · effectual grant, and therefore no violation of the command of the injunction; but to that he could not agree, and he held the resolution was effectual, although passed in violation of the injunction.

If, therefore, the giving the receipt and paying the costs are valid acts, as respects Niles, then the supposed violation of the injunction which might subject Butler to punishment for a contempt is a matter in which Niles has no concern.

In disposing of this question, I have treated it as if Butler was alive and amenable for his acts. Of course the tender of performance, long since made, and the subsequent death of Butler, relieves the question of all difficulty; as I am satisfied, for the reasons already stated, that the tender was not only proper, but sufficient.

The motion must be granted.